FILED

December 17, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:39 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: William Darrell Buckalew

EMPLOYER: Fay Portable Buildings, Inc.

CARRIER: Riverport Ins. Co.

DOCKET #: 2014-01-0023
STATE FILE #: 60843-2014
DATE OF INJURY: August 7, 2014
JUDGE: Thomas Wyatt

## EXPEDITED HEARING ORDER DENYING BENEFITS ON THE GROUND OF COMPENSABILITY

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by William Darrell Buckalew (Employee). On October 28, 2014, Employee filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239(d), to determine if the provision of medical and temporary disability benefits is appropriate.

An in-person Expedited Hearing was conducted by the undersigned Workers' Compensation Judge on December 2, 2014. Employee was represented by Attorney Andrew Roberto. Fay Portable Buildings, Inc. (Employer) was represented by Attorneys Richard Clark and James Sauter. Considering the positions of the parties, the applicable law, the evidence introduced at the hearing, and the entire record, the Court hereby finds that Employee's injury did not arise primarily out of and in the course and scope of employment. Accordingly, Employee's claim for medical and temporary disability benefits is denied.

### ANALYSIS

#### Issues

Whether Employee sustained an injury arising primarily out of and in the course and scope of employment.

#### Evidence Submitted

The following witnesses testified in person at the Expedited Hearing:

- Employee;

1

- Tennessee State Trooper Benjamin Harrison;
- Matthew Johnson; and
- Victoria Franklin.

The following exhibits were admitted into evidence:

- Exhibit 1 Records of University of Tennessee and Memorial Hospitals (65 pages).
- Exhibit 2 Records of University Eye Surgeons (32 pages);
- Exhibit 3 Records of Southeastern Retina Associates (1 page);
- Exhibit 4 Records of Dr. Franklin Murchison (3 pages);
- Exhibit 5 Tennessee Drug & Alcohol-Alcohol Testing Form;
- Exhibit 6 Responses of Employer to Employee's Request for Admissions;
- Exhibit 7 Affidavit of Dr. David J. Harris;
- Exhibit 8 Product label for "Destroyer";
- Exhibit 9 Material Safety Data Sheet for "Destroyer SX Series";
- Exhibit 10 Log of deliveries made by Employee on August 7, 2014;
- Exhibit 11 Substance Abuse Policy Statement/Active Employee Certificate of Agreement signed by Employee;
- Exhibit 12 Records of Med-Trans Corporation (14 pages);
- Exhibit 13 Records of Dr. Eric C. Poston (5 pages). (Admitted for identification only. The Court sustained Employer's hearsay objection);
- Exhibit 14 Affidavit of Robert Martin;
- Exhibit 15 Affidavit and Curriculum Vitae of Dr. George R. Nichols II; and
- Exhibit 16 Affidavit of Dr. John G. Benitez.

The Court designated the following as the technical record:

- Petition for Benefit Determination filed September 29, 2014;
- Dispute Certification Notice filed October 17, 2014; and
- Request for Expedited Hearing filed October 28, 2014.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence introduced at the Expedited Hearing.

**History of Claim**

On August 7, 2014, Employee sustained multiple injuries in a vehicle collision while riding as a passenger in a co-employee's truck. Employer initially paid benefits, but denied the claim and ceased benefits after it learned that a post-accident Breathalyzer test showed the presence of alcohol in Employee's system. Employer further denied Employee's claim on the ground he and his co-employee, Victoria Franklin, were engaged in a personal mission at the time the subject collision occurred.

2

## Employee's Contentions

Employee contends that, at the time of the motor vehicle accident, he was a passenger in a delivery truck owned by Employer, a supplier of industrial containers. He alleges that the delivery truck was being operated by its assigned driver, Victoria Franklin, who asked him to ride with her to assist in the delivery of a portable toilet. On the basis of the above facts, Employee contends that his injury arose primarily out of and in the course and scope of his employment.

Employee further asserts that, en route to the delivery site, Ms. Franklin lost control of the truck. The truck struck a telephone pole, causing Employee to become pinned under the steering wheel. Employee claims he suffered multiple injuries in the collision, including burn injuries to his eyes caused by exposure to the liquid chemical used by Ms. Franklin to clean the portable toilets she delivered. Employee contends he has been unable to work since the date of injury and, as such, is entitled to temporary total disability benefits. Employee also asks that he be awarded medical benefits so he can obtain the treatment that his work-related injuries require.

Employee testified that he could not recall whether he drank alcoholic beverages while at work on the date of injury. He also testified he could not recall whether he observed Ms. Franklin consume alcoholic beverages on the date in question. Employee denied having alcoholic beverages in his truck and testified he did not know that liquor bottles were present in Ms. Anderson's truck on the date of injury. Employee argues that the positive finding on his post-accident alcohol Breathalyzer test is attributable to his exposure to the chemical which caused the burn injuries to his hands, face, and eyes.

## Employer's Contentions

Employer contends that, at the time of the motor vehicle accident, Employee and Ms. Franklin were engaged in a personal mission which included the consumption of alcoholic beverages. As such, Employer argues that Employee's injuries did not arise primarily out of and in the course and scope of his employment.

Employer also argues that, even if Employee's injury arose primarily out of and in the course and scope of his employment, Employee is not entitled to an award or workers' compensation benefits because he consumed alcohol while on the job. Employer asserts that it is a qualified drug-free workplace employer. As such, Employer contends it is entitled to a presumption that Employee's injury was proximately caused by his intoxication. Specifically, Employer contends that, had Employee not been intoxicated, he would have exercised the good judgment not to ride in a vehicle operated by Ms. Franklin, whom he knew or should have known had consumed alcoholic beverages.

**Employer's Evidentiary Objections Based on Lateness**

During the Expedited Hearing, Employer objected to Employee's offer of Exhibits 8, 9, and 15 into evidence. Among other objections, Employer objected to these exhibits because Employee filed them, or made him aware of his intent to introduce them, either the day before or the day of the Expedited Hearing.

The Mediation and Hearing Procedures Rules of the Tennessee Division of Workers' Compensation provide that "all motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." *See* Rule 0800-02-21-.14(1)(a). The rules require that the party opposing the motion for expedited hearing "immediately upon receiving the motion, but in no event later than five (5) business days after the motion is filed with the clerk, ...submit all information in its possession demonstrating that the employee is not entitled to temporary disability or medical benefits." *See* Rule 0800-02-21-.14(1)(b). Rules 5.01 and 5.03 of the Practice and Procedures of the Tennessee Court of Workers' Compensation Claims restate the time limitations set forth in the above-cited Mediation and Hearing Procedures Rules. Rule 5.03 also provides that the party who moved for the expedited hearing may "file a reply to the opposing party's response...within three (3) business days after the opposing party's response is filed with the clerk, but no later than forty-eight (48) hours prior to the hearing."

The Court observes that, in this claim, the parties, for the most part, failed to comply with the time lines set forth in the above-cited rules. Employee filed medical records with his Request for Expedited Hearing on October 28, 2014, but filed the supporting affidavits of Robert Martin and Dr. David Harris twenty-three (23) days later. By rule, Employer was required to file information in opposition to Employee's expedited claim by November 5, 2014, but did not do so until November 21, 2014. The fact the parties did not make lateness objections to the introduction of the above-described items likely indicates the parties' recognition of the difficulty both sides experienced in preparing their cases within the short time lines imposed in the expedited hearing context.

In considering the lateness objections to Exhibits 8, 9, and 15, the Court takes into consideration the challenging time frames imposed in the expedited hearing procedure. The Court also considers that it has discretion to enlarge time periods imposed by rule if good cause justifies an enlargement. *See generally,* Tennessee Rule of Civil Procedure 6.02.

In this claim, the Expedited Hearing involved significant medical issues. The parties did not seek additional time to develop evidence and participated in an Expedited Hearing thirty-five (35) days after the date the hearing was requested. The Court commends the parties and their attorneys for the level of preparation they attained in such a relatively short period of time.

Exhibit 15 responds to issues raised by the affidavit of Employer's medical expert, Dr. Benitez. Employee was not aware of Dr. Benitez's affidavit until twelve (12) days before the Expedited Hearing. Under this circumstance, the Court admitted Exhibit 15 into evidence.

Regarding Exhibits 8 and 9, Employer's assistant manager was present at the Expedited

Hearing to address whether the chemical described in the subject exhibits was in use on Ms. Franklin's truck when Employee was injured. Accordingly, the Court admitted Exhibits 8 and 9 into evidence.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### *Factual Findings*

Upon consideration of the testimony of witnesses in open court, the exhibits introduced into evidence by the parties, the argument of counsel, and the entire record in this claim, the Court makes the following factual findings:

- Employee and his co-worker, Victoria Franklin, consumed alcoholic beverages prior to the motor vehicle accident of August 7, 2014;
- Employee was untruthful when he testified under oath that he did not recall whether he consumed alcoholic beverages on the date of injury; and
- Employee was engaged in a personal, non-work-related mission at the time he sustained the injuries for which he seeks benefits.

### *Application of Law to Facts*

In a workers' compensation claim, the employee bears the burden of proving that his alleged injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann.§ 50-6-102(13). *See generally, Hill v. Eagle Bend Mfg., Inc.,* 942 S. W. 2d 483 (Tenn. 1987). This Court finds that the nature of the mission on which Employee was injured constitutes the dispositive issue which determines the compensability of this claim.

Only Employee and Ms. Franklin know the nature of their mission on August 7, 2014. At the Expedited Hearing, Ms. Franklin refused to answer questions, citing the advice of her lawyer that she rely on her Fifth Amendment right against self-incrimination. The state trooper who investigated the collision testified that he arrested Ms. Anderson at the scene of the collision for driving under the influence.

Employee testified that he was engaged in work-related activity when he suffered the injuries which form the basis of this claim. He stated that, on the date of injury, he and Ms. Anderson had need of each other's assistance. Employee asserted that Employer had assigned him to deliver a dumpster to a construction site operated by Morton Builders. He testified that,

5

when he could not locate the Morton Builders site, he asked Ms. Anderson, who had previously delivered to the site, if she would drive her truck to the site so he could follow her. Employee testified that Ms. Anderson asked him to accompany her to a site where she was scheduled to deliver a portable toilet so he could assist her in the unloading process.

Employee and Ms. Anderson drove different routes on the date of injury. Employee did not explain how he and Ms. Anderson met up with each other. Employee did testify that he followed Ms. Franklin to the Morton Builders site. He asserted that, when he delivered the dumpster to Morton Builders, he was "done with my job duties that day." Employee further testified that, at some point, he drove to a restaurant at which he ate a sandwich. He testified that he then entered Ms. Franklin's truck to ride with her to her delivery site. Employee asserted that he left his truck at the restaurant because, due to its length, the truck is difficult to drive on curvy roads. Employee testified that the collision occurred when Ms. Franklin drove her truck into a telephone pole while en route to her delivery site.

When asked at the Expedited Hearing if he drank alcoholic beverages on the job on the date of injury, Employee testified that he did not recall drinking on the job. He also testified that he did not recall observing Ms. Anderson drink alcoholic beverages that day. Employee testified he did not know about the presence of liquor bottles in Ms. Anderson's truck when he rode with her on the date of injury. He denied that he placed the liquor bottles in Ms. Anderson's truck.

State Trooper Benjamin Harrison testified in-person at the Expedited Hearing. He testified that, on August 7, 2014, he was dispatched to investigate a vehicle collision. Trooper Harrison testified that he arrived at the scene while Employer was being attended by emergency personnel. He stated that, in investigating the collision, he observed a whiskey bottle on the floorboard of the damaged truck and another bottle under the truck.

Trooper Harrison testified that he smelled alcohol on Employee's person. He also testified that he smelled the cleaning chemical at the scene of the collision. Trooper Harrison testified the chemical smell is that which one associates with a portable toilet and is very different from the smell of an alcoholic beverage. The trooper testified he is certain that he smelled alcohol, and not just the cleaning chemical, on Employee's person.

Trooper Harrison testified that, when he asked Employee on the scene of the collision if he had been drinking, Employee told him he had earlier consumed some drinks at an unnamed establishment. Trooper Harrison testified that Employee told him he was not driving the truck at the time of the collision and "couldn't speak" as to whether the Victoria Anderson had been drinking.

Trooper Harrison testified positively and without hesitation about the observations he made in investigating the collision. The trooper had no self-serving motive in testifying as he did regarding the details of his conversation with Employee and his observations at the scene of the collision. On the other hand, Employee admitted his memory has been "spotty" since the collision and the Court notes that Employee did not categorically deny that he had consumed alcoholic beverages on the date of injury. The Court finds that Employee's desire to succeed in this claim represents a potential self-serving explanation as to why he cannot recall whether he

6

consumed alcoholic beverages on the date of injury.

When the totality of the credible evidence introduced at the Expedited Hearing is considered, the Court finds that Employee's version of the events leading up to the motor vehicle accident in which he was injured is implausible. To reconcile Employee's testimony with the credible testimony of Trooper Harrison, the Court is required to find that, after he followed Ms. Franklin to Morton Builders to make his final delivery, Employee then traveled to a restaurant where he consumed alcoholic beverages. Employee either accompanied Ms. Franklin to the restaurant or met up with her there. Employee then got into the truck with Ms. Franklin, who herself had consumed alcoholic beverages, and, while in possession of two whiskey bottles, the two then embarked on a work-related mission to deliver a portable toilet. The Court does not believe this is what happened.

Based on the evidence, the Court finds Employee and Ms. Franklin consumed alcoholic beverages at some point in time prior to the occurrence of the accident in which he was injured. The Court does not believe Employee's testimony that he and Ms. Franklin were traveling to a delivery site when the collision occurred, but finds that they were engaged in a personal mission which was not intended to benefit Employer and did not do so. As such, the Court finds that Employee is not entitled to workers' compensation benefits for the injuries he sustained while engaged in this personal mission.

The Court is mindful that Employer also seeks a finding that Employee is not entitled to benefits because his injury was proximately caused by his own intoxication. In seeking this relief, Employer asks the Court to apply the presumption afforded it as a qualified drug-free workplace. The Court's decision that Employee did not sustain an injury which primarily arose out of and in the course and scope of his employment makes it unnecessary to decide the drug-free workplace issues raised by Employer.

**IT IS, THEREFORE, ORDERED** that Employee's claim for the medical and temporary disability benefits requested is at this time denied on the ground Employee's injury did not primarily arise out of and in the course and scope of employment.

**IT IS FURTHER ORDERED** that the Initial Hearing in this claim is scheduled as follows:

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on January 23, 2015, at 10:30 a.m. Eastern Standard Time. You must call 615-741-3061 or toll free at 855-747-1721 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

7

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 17th DAY OF DECEMBER, 2014.

_____
Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of December, 2014:

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Andrew Roberto, Attorney | | | | | X | aroberto@brownandroberto.com |
| Richard Clark, Attorney | | | | | X | rclark@morganakins.com |

**Thomas Wyatt**
**Workers' Compensation Judge**

9