

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

**FILED**

**August 18, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS  BOARD**

**Time: 3:00 PM**

Employee: Susan Scott )    Docket No.  2015-01-0055
)
Employer: Integrity Staffing Solutions )    State File No.  14509-2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of August, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Susan Scott | | X | | | X | susanlscott01@gmail.com |
| Charlie Poss | | | | | X | charlie.poss@leitnerfirm.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**August 18, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 3:00 PM**

Employee: Susan Scott ) Docket No. 2015-01-0055
)
Employer: Integrity Staffing Solutions ) State File No. 14509-2015
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Thomas Wyatt, Judge )

---

**Affirmed in Part, Reversed in Part, and Remanded – August 18, 2015**

---

### OPINION AFFIRMING IN PART, REVERSING IN PART, AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

The employee alleges that she sustained an injury to her left shoulder when she pushed a cart into a pallet at work. The physician selected from the employer's panel opined that the employee did not sustain any injury arising from the work accident and that her symptoms related to preexisting chronic back problems. The trial court disregarded the physician's causation opinion and, relying on the employee's lay testimony, ordered the employer to provide medical benefits with a physician other than the original panel physician. The trial court also denied the employee's claim for temporary disability benefits. Both parties appealed. Having carefully reviewed the record, we reverse the trial court's order for medical benefits and affirm the trial court's denial of temporary disability benefits.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Charles W. Poss, Chattanooga, Tennessee, for the employer-appellant/appellee, Integrity Staffing Solutions

Susan Scott, Soddy Daisy, Tennessee, appellee/appellant, pro se

1

## Factual and Procedural Background

The employee, Susan Scott ("Employee"), is a fifty year-old resident of Hamilton County, Tennessee. She was employed by Integrity Staffing Solutions ("Employer") and was assigned to work at an Amazon.com warehouse in Chattanooga. Employee alleges that on or about February 10, 2015, she was pushing a cart at a "rapid pace" when she struck a pallet containing heavy items. She further alleges that this incident "jammed" her left arm and caused pain and symptoms in her left shoulder. She reported the incident to her supervisor and was seen at Amazon's on-site clinic, "AmCare," where she received medication and a treatment called "Biofreeze."

Over time, her symptoms did not abate. She returned to AmCare and learned that an accident report had not been completed. During an interview with a company representative approximately two weeks after the incident, she explained that she could not recall the exact date of the occurrence. Employer provided Employee a panel of physicians. Employee initially chose one physician but, on her way home, decided she would rather treat with one of the other panel physicians, Dr. Neil Spitalny, because his office was closer to her home. Employer allowed her to change her panel selection to Dr. Spitalny.

Dr. Spitalny's March 3, 2015 report indicates that he took a history of the work accident, discussed with Employee her past medical history, and conducted a physical examination, including a neurological examination and range-of-motion testing. Dr. Spitalny then opined, "I feel she sustained no injury at all from the alleged February 10, 2015 injury and that all of her problems are related to chronic back or deconditioning or lack of mobility of the cervical spine, her osteoporosis, and mild preexisting shoulder degenerative changes." He also recommended that she be weaned from narcotic analgesics.

Dr. Spitalny also completed a "Request for Medical Information" form given to him by Employer. Under a section entitled, "State the approximate duration of the period of incapacity," Dr. Spitalny wrote "pt. released to reg. duty from 2/13/15 incident."[1] Under the section entitled "Health Care Provider Recommendations," one option is labeled "Return to Work With No Limitations." Although the box is not marked, Dr. Spitalny hand-wrote "[secondary to] 2/13/15 injury." He marked the box labeled "Return to Work With Limitations" and hand-wrote "[secondary to] chronic back pain, narcotic usage." No other medical records were introduced at the Expedited Hearing.[2]

---

[1] It is unclear who completed the first section of the Request for Medical Information form, which lists the date of the work accident as "2/13/15."

[2] Although the transcript of the proceedings refers to the medical records of Dr. Jimmy Davis on several occasions, these records were not admitted into evidence.

On May 30, 2015, Employee filed a Petition for Benefit Determination, alleging that Dr. Spitalny "gave me no treatment for my left shoulder other than exercises." She sought an order for temporary disability benefits and medical benefits. Following unsuccessful mediation efforts, a Dispute Certification Notice ("DCN") was issued listing, among other issues, "whether Employee is entitled to additional medical care as recommended by a physician."[3] Following the expedited hearing, the trial court issued an order compelling Employer to provide additional medical benefits with a physician other than Dr. Spitalny. The court also denied Employee's claim for temporary disability benefits. Both parties appealed and the record was received by the Clerk of the Workers' Compensation Appeals Board on August 10, 2015.

## Standard of Review

The standard of review to be applied by the Appeals Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

| | |
|---|---|
| (A) | Violate constitutional or statutory provisions; |
| (B) | Exceed the statutory authority of the workers' compensation judge; |
| (C) | Do not comply with lawful procedure; |
| (D) | Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or |
| (E) | Are not supported by evidence that is both substantial and material in the light of the entire record. |

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[3] We note that the mediator did *not* mark as an issue on the DCN "[w]hether Employee is entitled to an evaluation by another physician."

## Analysis

It is well-settled that the employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987). At an expedited hearing, however, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 at *4, 5 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Presumption of Correctness as to Medical Causation Opinion*

Pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014), an injured worker is given the opportunity to select "the treating physician" from the employer's designated panel of "physicians, surgeons, chiropractors or specialty practice groups." Moreover, Tennessee Code Annotated section 50-6-102(13)(E) expressly states that "the opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Neither of these provisions preconditions the "treating physician" designation, or the application of the presumption of correctness, on a court's perception of whether the treatment provided at any given medical appointment was appropriate or adequate.

Tennessee courts have long held that the employer in a workers' compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204. *See, e.g., Banks v. UPS, Inc.*, 170 S.W.3d 556, 562 (Tenn. 2005) (discussing the employer's "right to control the provision of treatment"); *Todd v. Blvd. Terrace Rehab. & Nursing Ctr.*, No. M2003-01357-WC-R3-CV, 2004 Tenn. LEXIS 358, at *6 (Tenn. Workers' Comp. Panel Apr. 30, 2004). Once an employer offers the injured worker a panel of physicians in accordance with the statute, then the selected physician is designated the "treating physician," and that physician's opinion on causation is entitled to a rebuttable presumption of correctness. The assessment by a court of the appropriateness of medical treatment offered at a medical appointment with an authorized treating physician adds a purely subjective element to the analysis that finds no support in the language of the statute. Judges are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record. This record contains no such evidence. Therefore, it was error for the trial court to completely disregard the opinions of Dr. Spitalny based on the court's analysis of the quality of Dr. Spitalny's

4

physical examination or the court's conclusion that his report lacked "empirical evidence to corroborate" his opinions.

In the present case, it is undisputed that Dr. Spitalny was selected from a panel of physicians offered by Employer. Employee did not object to the panel or allege that it was legally insufficient. The DCN does not indicate that Employee raised as an issue "whether the panel of physicians provided by Employer was in compliance with the law." Thus, the evidence supports a conclusion that Employer complied with its obligations under Tennessee Code Annotated section 50-6-204(a)(3) (2014) and that Dr. Spitalny was properly designated as the authorized treating physician.

Moreover, we find that Dr. Spitalny did not "decline to accept the employee as a patient for the purpose of providing treatment to the employee" as determined by the trial court pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(G) (2014). The undisputed medical evidence shows that Dr. Spitalny met with Employee, took a medical history, conducted a physical examination, and offered medical opinions on her condition. He further stated that he would offer a particular course of treatment, including "to wean her from narcotic analgesics, give her [a] cardiovascular rehabilitation type program, trapezial and left upper extremity strengthening, and see her as needed." Tennessee Code Annotated section 50-6-204(a)(3)(G) contemplates a scenario in which the physician selected from the employer's panel refuses to "accept the employee as a patient." Dr. Spitalny did not refuse to accept Employee as a patient, but opined, *after conducting a physical examination*, that she did not suffer a work-related injury. He then offered her a course of treatment for what he believed to be her non-work-related medical conditions. Section 204(a)(3)(G) is simply inapplicable under the particular facts of this case. Therefore, while the trial court's Expedited Hearing Order does not expressly address the presumption of correctness, we find that the causation opinion offered by Dr. Spitalny, as the authorized treating physician, is entitled to a rebuttable presumption of correctness.

*Role of Lay Testimony in Establishing Medical Causation*

With respect to the element of medical causation, it was traditionally the employee's burden to offer expert medical proof of causation "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)). Prior to the 2013 reforms to the Workers' Compensation Law, Tennessee courts routinely held that an injured employee could satisfy the burden of proof with respect to the element of medical causation by offering expert medical testimony that a work accident "could be" the cause of the employee's medical condition, when there was corroborating lay testimony from which it could reasonably be inferred that the incident was in fact the cause of the injury. *See, e.g., Hill v. Eagle Bend Mfg.*, 942 S.W.2d 483 (Tenn. 1997). The analysis in such cases was predicated on expert medical testimony

5

*combined with* corroborative lay testimony. Thus, even under pre-reform law, lay testimony alone was insufficient in most cases to establish adequate evidence of medical causation.

The 2013 Workers' Compensation Reform Act substantially altered this standard. In Tennessee Code Annotated section 50-6-102(13), the general assembly amended the definition of "injury" to include the following: "(C) An injury causes death, disablement or the need for medical treatment *only* if it has been *shown to a reasonable degree of medical certainty* that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014) (emphasis added). Moreover, in subsection (D), the statute now provides that the phrase "'[s]hown to a reasonable degree of medical certainty' means that, *in the opinion of the physician*, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(13)(D) (2014) (emphasis added). Therefore, we find that Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation. We further find that Employee's lay testimony did not overcome the presumption of correctness to which Dr. Spitalny's causation opinion is entitled.

*Rule 703 of the Tennessee Rules of Evidence*

The trial court concluded that the opinions offered by Dr. Spitalny, which were the only expert medical opinions offered at the expedited hearing, "lack trustworthiness and do not assist the Court." In reaching this conclusion, the trial court relied on Rule 703 of the Tennessee Rules of Evidence. However, Rule 703 governs the *admissibility* of expert testimony, not the weight such testimony is to be afforded in any given case. *See Craven v. Corr. Corp. of Am.,* No. W2005-01537-SC-WCM-CV, 2006 Tenn. LEXIS 972, at *22 (Tenn. Workers' Comp. Panel Oct. 26, 2006) ("Rule 703 of the Tennessee Rules of Evidence govern[s] the *admissibility* of expert and scientific evidence.") (emphasis added).

In the present case, the parties stipulated to the admissibility of Dr. Spitalny's March 3, 2015 report and the Request for Medical Information form he signed. In fact, it was Employee who indicated to the court that she intended to introduce Dr. Spitalny's report as evidence and counsel for Employer did not object. Thus, the issue of the admissibility of Dr. Spitalny's medical report was not before the trial court, making the court's reliance on Rule 703 inapposite.

In sum, the only medical documents admitted into evidence during the expedited hearing were the March 3, 2015 report of Dr. Spitalny and the Request for Medical Information form signed by Dr. Spitalny. It was his stated opinion that the February 10, 2015 incident at work did not cause any injury. This opinion is entitled to a presumption of correctness. Given that Employee offered no expert medical evidence to rebut Dr.

6

Spitalny's opinion, we conclude that the trial court erred in determining that Employee is likely to prevail at a hearing on the merits on the issue of medical causation. We further find, pursuant to Tennessee Code Annotated section 50-6-217(a)(3)(A) (2015), that the trial court erred in accepting Employee's lay testimony to rebut Dr. Spitalny's causation opinion and in ordering Employer to provide additional medical benefits with a different physician.

### *Eligibility for Temporary Total Disability Benefits*

Given our conclusion that Employee did not come forward with sufficient evidence from which the trial court could determine that she is likely to prevail at a hearing on the merits with respect to the issue of medical causation, we agree with the trial court's denial of Employee's request for temporary disability benefits.

### Conclusion

Based on the foregoing, we reverse the decision of the trial court ordering Employer to provide medical benefits with a different physician and affirm the trial court's conclusion that Employee is not eligible for temporary disability benefits at this time. The case is remanded for any further proceedings as may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

7