Ronald Wayne **HILL**, Plaintiff/Appellant,

v.

**EAGLE BEND MANUFACTURING, INC., Transportation Insurance Company, Defendant,**

and

**Larry Brinton, Jr., Director of the Division of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant/Appellee.**

Supreme Court of Tennessee, at Knoxville.

April 7, 1997.

John T. March, David H. Dunaway, Dunaway & Associates, Lafollette, for Plaintiff–Appellant.

Charles W. Burson, Attorney General and Reporter, Dianne Stamey Dycus, Senior Counsel, Civil Division, Office of the Attorney General, Nashville, for Defendant–Appellee.

## OPINION

DROWOTA, Justice.

This case presents for review the decision of the Chancery Court of Campbell County finding the plaintiff, Ronald Wayne Hill, to be permanently and totally disabled. The Special Workers' Compensation Appeals Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn.Code Ann. § 50–6–225(e)(5) (Supp.1996), found that Hill had suffered only an increase in pain, not a compensable injury by accident, and dismissed the case. Thereafter, Hill filed a motion for full court review of the Panel decision pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B) (1996 Supp.). We granted the motion for review to determine whether Hill suffered a work-related injury by accident which would entitle him to receive workers' compensation benefits for the physical impairment and for any related mental disorder. After carefully examining the record before us and considering the relevant authorities, we affirm the trial court's finding that Hill suffered a work-related injury by accident which rendered him totally and permanently disabled.

### BACKGROUND

The plaintiff, Ronald Wayne Hill, was forty years old at the time of trial and possessed a GED. His prior work experience consisted primarily of manufacturing and carpentry jobs, including small parts assembler, production welder, press operator, and construction laborer. While employed for the defendant Eagle Bend Manufacturing Company, Hill was an assembly worker which was classified as medium level work with occasional lifting up to one hundred pounds.

Prior to the injury at issue in this appeal, Hill previously had received a court approved

workers' compensation settlement award of 11.5 percent permanent partial disability to the body as a whole for a back injury he sustained on August 2, 1990. After returning to work for Eagle Bend, Hill again injured his back on October 29, 1991 and was required to undergo back surgery on January 15, 1992 and May 6, 1992. Eventually Hill received a workers' compensation award of 88.5 percent permanent partial disability to the body as a whole as a result of this second injury.

Following these back surgeries, Hill first returned to work in June, 1992. He initially worked four hours per day, but was increased to six hours per day in July and thereafter to eight hours per day. Hill was working eight hours per day with restrictions of no heavy repetitive lifting when he was again injured on October 20, 1992. Hill testified that while lifting a box of automotive parts on that date he felt a severe pain in his back that ran down into his buttocks and legs. Hill testified that the October 20 injury caused him more pain than he had ever before experienced. Hill said that as a result of the injury, he has been unable to return to work and has experienced severe emotional problems.

Hill's treating board certified orthopedic surgeon, Dr. James Maguire, testified that the back condition from which Hill continues to suffer is causally related to the October 20 injury. While acknowledging that Hill's MRI studies do not show a significant interval change following the October 20 injury, Dr. Maguire testified that Hill had suffered a further permanent injury and exacerbation of his pre-existing back condition as a result of the October 20, 1992 incident. Dr. Maguire concluded that Hill's condition is not a temporary flare-up and assessed a 19 percent permanent impairment to the body as a whole which included the October 20 injury as well as the prior back injuries. Based upon Hill's physical condition and the severe debilitating pain that he had experienced since the October 20 injury, Dr. Maguire imposed a permanent no lifting restriction upon Hill.

Following the October 20 injury, Dr. Maguire also referred Hill to a psychiatrist for treatment of depression. Hill had never seen a psychiatrist before that time. Dr. Martin Gebrow evaluated Hill and diagnosed major affective disorder, depressed type, single episode. Dr. Gebrow opined that the mental disorder is directly attributable to the October 20 injury. Dr. Gebrow testified that Hill's depression had become chronic and permanent and he classified Hill's permanent medical impairment from the depression as class four, marked impairment, indicating that Hill is depressed to an extent that it significantly impedes all useful functioning. Dr. Gebrow stated that Hill is unable to maintain concentration and is unable to tolerate even ordinary work stresses or pressure. As for Hill's prognosis, Dr. Gebrow opined that Hill will remain chronically depressed and will have to remain on anti-depressant medication and pain medication to cope with his condition. Dr. Gebrow concluded that the injury-induced depression will prevent Hill from returning to gainful employment.

Dr. Norman Hankins, a vocational expert, also testified. Assuming the restrictions imposed by Dr. Maguire, Dr. Hankins opined that Hill is 100 percent vocationally disabled. Dr. Hankins based his opinion on Hill's education, employment background, mental disorder, as well as the 19 percent impairment rating and lifting restriction assigned by Dr. Maguire.

After considering the uncontradicted proof of Hill's anatomical and vocational disability, the trial court found that Hill had sustained a work-related injury by accident on October 20, 1992 which rendered him permanently and totally disabled. The trial court apportioned 100 percent of the liability to the Second Injury Fund because Hill had received two prior workers' compensation awards which totaled 100 percent. The Second Injury Fund appealed. Upon reference for findings of fact and conclusions of law pursuant to Tenn.Code Ann. § 50–6–225(e)(5) (Supp.1996), the Special Workers' Compensation Appeals Panel found that Hill had suffered only an increase in pain, not a compensable injury by accident, and dismissed the case. Thereafter, we granted Hill's motion for full court review and now reject the Panel's findings of fact and conclusions of law

and affirm in its entirety the judgment of the trial court finding Hill totally and permanently disabled and apportioning the liability to the Second Injury Fund.

### COMPENSABLE INJURY

In workers' compensation cases, the scope of review in this Court on issues of fact is de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2) (1996 Supp.); *Lollar v. Wal–Mart Stores, Inc.,* 767 S.W.2d 143 (Tenn.1989). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded the trial court's factual findings. *Humphrey v. David Witherspoon, Inc.,* 734 S.W.2d 315 (Tenn.1987). With these principles in mind, we examine the record in this case to determine whether the evidence preponderates against the trial court's findings.

It is well-established that the plaintiff in a workers' compensation suit bears the burden of proving every element of the case by a preponderance of the evidence, including the existence of a work-related injury by accident. *See Talley v. Virginia Ins. Reciprocal,* 775 S.W.2d 587, 591 (Tenn.1989). An injury must both "arise out of" as well as be "in the course of" employment to be compensable under workers' compensation. The phrase "in the course of" refers to time, place and circumstances, and "arising out of" refers to cause or origin. An accidental injury arises out of and is in the course and scope of employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of employment. *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn.1991).

Except in the most obvious and routine cases, the claimant in a workers' compensation action must establish causation by expert medical evidence. *Id.* Although causation cannot be based upon speculative or conjectural proof, absolute medical certainty is not required and reasonable doubt is to be construed in favor of the employee. *White v. Werthan Indus.,* 824 S.W.2d 158, 159 (Tenn.1992). It is entirely appropriate for a trial judge to predicate an award on medical testimony to the effect that a given incident "could be" the cause of the employee's injury, when the trial judge also has heard lay testimony from which it may reasonably be inferred that the incident was in fact the cause of the injury. *Orman,* 803 S.W.2d at 676.

The evidence in this record supports the trial court's finding that the October 20 injury exacerbated Hill's pre-existing back condition and rendered him totally and permanently disabled. Prior to that incident, Hill was working eight hours per day with a minimal lifting restriction. Since the injury, Hill has been immobilized both physically and mentally. He has been unable to return to work and Dr. Maguire has imposed a permanent no lifting restriction which will likely prevent him from ever returning to gainful employment in light of his education and training. Dr. Maguire testified that the October 20 injury caused a permanent worsening of Hill's back condition and was not simply a temporary flare-up of the pre-existing problems. Dr. Maguire opined that Hill has sustained some permanent impairment as a result of the October 20 injury. Hill testified that since the October 20 injury he has been unable to do any type of work. When considered in conjunction with Hill's testimony, any equivocation reflected in Dr. Maguire's testimony as to causation constitutes exactly the type of reasonable doubt that must be construed in favor of the employee and compensability. *White,* 824 S.W.2d at 160. Moreover, as a result of the October 20 injury, Hill developed a severe debilitating mental condition which has been diagnosed as permanent. This condition prevents Hill from concentrating and, according to Dr. Gebrow, will prevent him from obtaining gainful employment in the future since he is unable to tolerate the normal stress attendant to employment. Finally, Dr. Hankins, in consideration of Hill's education, background, physical and mental condition opined that Hill is one hundred percent totally and permanently disabled. This proof was uncontradicted. Accordingly, we conclude

that the evidence does not preponderate against the trial court's findings that Hill sustained a compensable injury which rendered him totally and permanently disabled.

The Second Injury Fund argues that the October 20 injury is not compensable because it produced only an increase in Hill's pain. We disagree. An employer is responsible for workers compensation benefits, even though the claimant may have been suffering from a serious pre-existing condition or disability, if employment causes an actual progression or aggravation of the prior disabling condition or disease which produces increased pain that is disabling. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn.1993); *White*, 824 S.W.2d at 161; *Talley*, 775 S.W.2d at 592 ("There is no doubt that pain is considered a disabling injury, compensable when occurring as the result of a work-related injury.") An employer takes an employee as he or she is and assumes the responsibility of having a pre-existing condition aggravated by a work-related injury which might not affect a normal person. *Id.* This rule applies as well to the aggravation of a pre-existing "nervous" condition by a physical injury. *Batson v. Cigna Property & Cas. Companies*, 874 S.W.2d 566, 570 (Tenn.1994); *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 284 (Tenn.1991); *Gluck Brothers, Inc. v. Pollard*, 221 Tenn. 383, 426 S.W.2d 763 (1968); *Minton v. Leonard*, 219 Tenn. 642, 412 S.W.2d 886 (1967).[1]

In this case, Hill suffered a work-related injury on October 20, 1992 which caused a progression of his pre-existing back condition which produced disabling pain. Accordingly, we conclude, that the evidence supports the trial court's finding that Hill suffered a compensable injury by accident.

In light of our conclusion that Hill suffered a compensable injury on October 20, the Second Injury Fund concedes that Hill is entitled to compensation for any mental disorder which resulted from the injury. We agree. This Court has recognized two factual situations in which employees may recover compensation benefits for mental disorders. First, recovery is appropriate for a mental injury by accident or occupational disease, standing alone, if the mental disorder is "caused by an identifiable, stressful, work-related event producing a sudden mental stimulus such as fright, shock or excessive unexpected anxiety." *Batson*, 874 S.W.2d at 570, *quoting Gatlin v. City of Knoxville*, 822 S.W.2d 587, 591–92 (Tenn. 1991). Secondly, compensation for psychological disorders has been allowed when an employee sustains a compensable work-related injury by accident and thereafter experiences a mental disorder which is caused by the original compensable work-related injury. *Batson*, 874 S.W.2d at 570; *Gluck Brothers, Inc., supra; Minton, supra.*

The evidence in this case is clear that the October 20 compensable work-related injury resulted in a mental disorder. Prior to the October 20 injury, Hill had never seen a psychiatrist and had no history of mental disorders. Dr. Gebrow attributed the mental condition to the October 20 injury. Accordingly, Hill is entitled to recover for the mental disorder which resulted from the compensable injury.

Having concluded that the evidence supports the trial court's findings that Hill suffered a compensable injury which rendered him totally and permanently disabled, we also affirm the trial court's judgment apportioning the award to the Second Injury Fund. Pursuant to Tenn.Code Ann. 50–6–208(b)(1991 Repl. & Supp.1996),[2] the

---

1. Conversely, an employer is not responsible for workers' compensation benefits if the employment does not cause an actual progression or aggravation of the pre-existing condition but merely produces additional symptoms or pain. *Townsend v. State*, 826 S.W.2d 434, 436 (Tenn. 1992); *Cunningham v. Goodyear Tire & Rubber Co.*, 811 S.W.2d 888, 891 (Tenn.1991); *Smith v. Smith's Transfer Corp.*, 735 S.W.2d 221 (Tenn. 1987); *Boling v. Raytheon Co.*, 223 Tenn. 528, 448 S.W.2d 405 (1969).

2. That statute provides in pertinent part as follows:

(b)(1)(A) In cases where the injured employee has received or will receive a workers' compensation award or awards for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for per-

Second Injury Fund is liable for benefits in excess of 100 percent when the sum of two or more prior workers compensation awards for permanent disability to the body as a whole equal or exceed 100 percent permanent disability. *Henson v. City of Lawrenceburg,* 851 S.W.2d 809, 812 (Tenn.1993). In this case, Hill has two prior workers compensation awards for permanent disability to the body as a whole which total 100 percent, 11.5 percent and 88.5 percent, respectively. Therefore, in this case, the trial court correctly apportioned the award of 100 percent total disability to the Second Injury Fund.

### CONCLUSION

For the reasons previously stated herein, the evidence in this record supports the trial court's finding that Hill sustained a compensable injury by accident on October 20, 1992 which rendered him totally and permanently disabled. Therefore, we reject the findings of fact and conclusions of law of the Special Workers' Compensation Appeals Panel and affirm the judgment of the trial court. Costs of this appeal are taxed to the defendant, Second Injury Fund.

BIRCH, C.J., and REID and HOLDER, JJ., concur.

ANDERSON, J., not participating.

manent disability to the body as a whole that would be in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards.
(B) Benefits which may be due the employee for permanent disability to the body as a whole in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards, shall be paid by the second injury fund.