IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

September 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES E. STEPHENS, | ) | FOR PUBLICATION |
| | ) | |
| Plaintiff-Appellee, | ) | FILED: September 13, 1999 |
| | ) | |
| v. | ) | FRANKLIN COUNTY |
| | ) | |
| HENLEY'S SUPPLY AND INDUSTRY, INC. | ) | HON. JEFFREY F. STEWART, |
| and TRAVELERS INSURANCE COMPANY, | ) | CHANCELLOR |
| | ) | |
| Defendants-Appellants. | ) | NO. 01-S-01-9712-CH-00277 |


For Appellants:_____          For Appellee:

ROBERT J. UHORCHUK                                BARBARA G. FARIS
Chattanooga, TN                                   Decherd, TN


OPINION


JUDGMENT OF THE TRIAL COURT AFFIRMED                          BIRCH, J.

The Chancery Court of Franklin County found the plaintiff, James E. Stephens, to be permanently and partially disabled and entitled to future medical care at the employer's expense. The Special Workers' Compensation Appeals Panel, upon reference for findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(Supp. 1998), found that Stephens failed to prove that he had suffered any permanent vocational disability due to his injury. The Panel dismissed his appeal, effectively foreclosing Stephens' entitlement to future medical expenses.

Thereafter, Stephens filed a motion for review of the Panel's decision by the full Court pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B)(Supp. 1998). We granted review in order to determine his entitlement to future medical care at the employer's expense.

I

Stephens, employed as a carpenter at Henley's Supply and Industry, Inc., was injured when he was struck in the mouth while installing a pre-hung triple window. Stephens suffered complex lacerations and bone fractures, which led to the removal of all of his upper teeth and two lower teeth. He was fitted with dentures-- a full upper set and a partial lower set. However, Stephens no longer wears the upper denture due to discomfort.

2

The trial court awarded Stephens permanent partial disability of fifteen percent (sixty weeks) and future medical expenses, all in accordance with the provisions of the Tennessee Workers' Compensation Act. The employer appealed, arguing that there was no medical evidence to support the award of permanent partial disability. The Special Workers' Compensation Appeals Panel agreed with the employer and reversed the ruling of the trial court, finding no medical proof of permanence of a disability to the body as a whole under Tenn. Code Ann. § 50-6-207 (F)(Supp. 1998). The Panel concluded that Stephens' employability was not impaired by his dental injury.

II

The issue before us is whether the trial court properly awarded expenses for future medical care to Stephens.[1] An employee is entitled, under the provisions of Tenn. Code Ann. § 50-6-204 (Supp. 1998), to recover any reasonable and necessary medical expenses in the future which may be incurred as a result of a compensable injury. Lindsey v. Strohs Companies, Inc., 830 S.W.2d 899, 903 (Tenn. 1992); Roark v. Liberty Mut. Ins. Co., 793 S.W.2d 932, 935 (Tenn. 1990). "If or when [the employee] makes application for any such future medical expenses, the trial judge must at that time and under the evidence then adduced determine whether the employer or its insurance carrier is liable for their

_____

[1]As stated, the Panel's reversal of the trial court's award of permanent disability is not before the Court.

payment." <u>Roark</u>, 793 S.W.2d at 935; <u>Underwood v. Liberty Mut. Ins. Co.</u>, 782 S.W.2d 175, 176 (Tenn. 1989).

Review of the findings of fact made by the trial court is de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2); <u>See</u> <u>Hill v. Eagle Bend Mfg., Inc.</u>, 942 S.W.2d 483 (Tenn. 1997).

An employer is required by Tenn. Code Ann. § 50-6-204(a)(1) to furnish medical treatment to an injured employee "as ordered by the attending physician . . . made reasonably necessary . . . [or] as may be reasonably required." We have held that an employee is entitled to medical treatment and expenses for work-related injuries even though the injury does not produce vocational impairment or otherwise affect the worker's employability. <u>Wilkes v. Resource Auth. of Sumner Cty.</u>, 932 S.W.2d 458, 461 (Tenn. 1996).

By its recommendation that this case be dismissed, the Panel foreclosed the possibility of the employee ever receiving, at the employer's expense, the future medical care to which he is statutorily entitled. Accordingly, we re-instate the trial court's judgment regarding future medical expenses and adopt the findings of fact and conclusions of law of the Panel in regard to the trial court's denial of benefits for permanent partial disability.

4

III

In summary, we hold that Stephens is entitled to future medical expenses pursuant to Tenn. Code Ann. § 50-6-204. Thus, he is entitled to all reasonable and necessary future medical care and treatment resulting from the compensable injury he sustained. This care and treatment shall be at the employer's expense.

For the foregoing reasons, the judgment of the trial court in reference to future medical expenses is affirmed. We adopt the Panel's conclusion of law that the employee is not entitled to benefits for permanent partial disability. Costs of this appeal are taxed to the employer, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J
Holder, Barker, JJ.

Drowota, J., not participating

5