**FILED**

**March 10, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:33 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| **JAMES FOUTCH,** ) | **Docket No.: 2015-07-0374** |
| **Employee,** ) | |
| **v.** ) | **State File Number: 88348-2015** |
| **BURKEEN TRUCKING COMPANY** ) | |
| **Employer.** ) | **Judge Amber E. Luttrell** |
| ) | |

---

### EXPEDITED HEARING ORDER GRANTING CERTAIN MEDICAL BENEFITS AND DENYING TEMORARY DISABILITY BENEFITS (FILE REVIEW DETERMINATION)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, James Foutch, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Foutch requested the Court decide his interlocutory claim for medical and temporary disability benefits based on a review of the file without an evidentiary hearing. The employer, Burkeen Trucking, did not request an in-person evidentiary hearing or otherwise respond to the Request for Expedited Hearing.

The Court issued a Docketing Notice on February 2, 2016, allowing the parties seven business days to raise any objections to the admissibility of any document filed in this case. (Ex. 7.) The parties filed no objections. The Court further advised Burkeen Trucking of the Bureau's Mediation and Procedure Rule 0800-02-21-.05 requiring corporations to be represented by counsel in all court proceedings. The Court ordered Burkeen Trucking to retain counsel within seven business days of issuance of the Docketing Notice to proceed in this action. No attorney filed an appearance on behalf of Burkeen Trucking.

This Court finds it does not need any additional information to determine whether Mr. Foutch is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Rule 0800-02-21-.14(1)(c) (2015) of the Tennessee Compilation Rules and Regulations, the Court decided the issues in this case upon a review of the written

1

materials and without the benefit of an evidentiary hearing.[1]

The issue in this case is whether Mr. Foutch is likely to prevail at a hearing on the merits that his right ankle and shoulder injuries arose primarily out of and in the course and scope of his employment. If so, Mr. Foutch requested medical and temporary disability benefits. For the reasons set forth below, the Court finds Mr. Foutch came forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits for his right ankle injury. The Court finds Mr. Foutch did not present sufficient information from which this Court can conclude he is likely to prevail at a hearing on the merits regarding his alleged right shoulder injury or temporary disability benefits.

## History of Claim

Mr. Foutch is a fifty-eight-year-old resident of Gibson County, Tennessee. (T.R. 1.) He worked as a truck driver for Burkeen Trucking since May 2015.[2] (Ex. 1.) According to his affidavit, on September 24, 2015, while unloading lumber at Henry County Hardwood, Mr. Foutch fell off the truck and injured his right ankle and right shoulder. *Id.*

An ambulance transported Mr. Foutch to the emergency room at Henry County Medical Center. (Ex. 3.) Mr. Foutch reported his injury to "Ms. Mary," an office employee at Burkeen Trucking. He also reported his injury to Billy Burkeen, owner of Burkeen Trucking. Mr. Foutch testified by affidavit that Mr. Burkeen advised he did not carry workers' compensation insurance because he could not afford it. Mr. Foutch stated Mr. Burkeen assured him he would pay his medical bills. (Ex. 1.)

Mr. Foutch saw Dr. Charles Rainbolt in the emergency room. (Ex. 3.) The medical records indicated the following history, "He was working on flatbed fell 8ft. landed on right foot has limited range of motion and lot of pain." Dr. Rainbolt diagnosed a closed fracture of the right ankle. He discharged Mr. Foutch with crutches and pain medication, and referred him to an orthopedist, Dr. Blake Chandler.

On September 28, 2015, Mr. Foutch saw Dr. Chandler at West Tennessee Bone and Joint. (Ex. 4.) Dr. Chandler noted a history of Mr. Foutch falling from a loaded trailer

---

[1] By making a file review determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. The Court notes in this case that the parties did not raise any objection to admissibility of any information in the file; therefore, the Court reviewed and considered the entire case file in making its determination.

[2] The Court notes Mr. Foutch stated in his Affidavit that Burkeen Trucking hired him as a company driver, not an independent contractor. Burkeen Trucking paid Mr. Foutch $0.35 a mile, paid tolls, and reimbursed Mr. Foutch for scales. Burkeen Trucking owned the truck driven by Mr. Foutch. The Court notes Mr. Foutch's status as an employee of Burkeen Trucking or independent contractor was not listed as a disputed issue in the Dispute Certification Notice. Thus, the Court did not consider any such defense in this file review determination.

and seeking emergency care for his ankle on September 24. Upon exam, Dr. Chandler diagnosed a lateral malleolus fracture. Dr. Chandler performed an open reduction internal fixation (ORIF) on Mr. Foutch's ankle on September 29, 2015.

Mr. Foutch continued seeing Dr. Chandler or FNP Clay Nolen for follow-up care through November 12, 2015. On this visit, Practitioner Nolen instructed Mr. Foutch to return in three weeks for x-rays and to discontinue his use of crutches. Mr. Foutch provided no additional medical records. (Ex. 4.)

Mr. Foutch filed medical bills associated with his emergency room visit at Henry County Medical on the date of injury. He also filed medical bills from West Tennessee Bone and Joint that correspond with his surgery on September 29, 2015, and a follow-up visit on October 14, 2015. (Ex. 6.)

Mr. Foutch filed a Petition for Benefit Determination seeking medical benefits. The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice adding temporary disability benefits as a disputed issue. Mr. Foutch filed a Request for Expedited Hearing seeking a ruling based upon a review of the file without an evidentiary hearing. Burkeen Trucking filed no response to the Request for Expedited Hearing.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Foutch need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). In analyzing whether he has met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Foutch nor Burkeen Trucking. *See* Tenn. Code Ann. § 50-6-116 (2015).

To be compensable, Mr. Foutch must show his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). He must also show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, he must show, "to a reasonable degree of medical certainty that [his alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that,

3

in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Mindful of the foregoing, the Court will first address the lay proof that consisted solely of Mr. Foutch's affidavit testimony. In his affidavit, Mr. Foutch stated he worked for Burkeen Trucking as a truck driver. He was in the course and scope of his employment for Burkeen on September 24, 2015, when he unloaded a load of lumber at Henry County Hardwood and fell off the truck, injuring his right ankle and right shoulder. Based upon the uncontroverted testimony of Mr. Foutch and the medical records, the Court finds he is likely to prevail at a hearing on the merits with regard to establishing a specific work-related event, identifiable by time and place of occurrence, wherein he injured his right ankle.

Turning to medical causation, our Appeals Board recently stated, "[w]ith respect to the element of medical causation, it was traditionally the employee's burden to offer expert medical proof of causation '[e]xcept in the most obvious, simple and routine cases.'" *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015), *citing Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008). The Court finds medical causation for Mr. Foutch's right ankle fracture is obvious in this case. The medical records from Henry County Medical Center emergency room were consistent with Mr. Foutch's testimony regarding his fall off a truck onto his right ankle. An ambulance transported him to the emergency room and the physician treated him for an acute ankle fracture. The Court finds the proof sufficient to establish Mr. Foutch is likely to prevail at a hearing on the merits regarding medical causation for his right ankle fracture.

The evidence is insufficient, however, at this interlocutory stage, for the Court to conclude Mr. Foutch is likely to prevail at a hearing on the merits regarding his alleged right shoulder injury. The only mention of a right shoulder injury in the file is contained in Mr. Foutch's affidavit. The medical records do not reference a right shoulder injury. It appears the treatment Mr. Foutch received at the emergency room and with Dr. Chandler was solely for the right ankle fracture. Unlike the ankle fracture, the Court finds Mr. Foutch's right shoulder injury is not so obvious as to remove the need for expert proof of causation. In *Scott*, the Appeals Board further noted that:

[F]or injuries before July 1, 2014, an injured employee could satisfy her burden of proof of medical causation by offering expert medical testimony that a work accident 'could be' the cause of the employee's medical condition, when there was corroborating lay testimony from which it could reasonably be inferred that the incident was in fact the cause of the injury. *See, e.g., Hill v. Eagle Bend Mfg.*, 942 S.W.2d 483 (Tenn. 1997). The analysis in such cases was predicated on expert medical testimony combined with corroborative lay testimony. Thus, even under pre-reform

law, *lay testimony alone was insufficient in most cases to establish adequate evidence of medical causation.*

*Scott*, at *11(emphasis added).

Accordingly, Mr. Foutch cannot rely solely upon his own testimony because it is he who must establish causation and his "lay testimony . . . without corroborative expert testimony, [does] not constitute adequate evidence of medical causation." *Scott*, at *12. He must "secure expert opinions or other evidence necessary to address any applicable burden of proof." *Pool v. Jarmon D&Q Transport*, No. 2015-06-0510, 2016 TN Wrk. Comp. App. Bd. LEXIS 1, at *10 (Tenn. Workers' Comp. App. Bd. Jan. 4, 2016).

Turning to the issue of temporary disability, the Appeals Board held that:

> As the name implies, an injured worker is entitled to temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2014). Specifically, while temporary total disability refers to the employee's condition while completely unable to work because of the injury until the worker recovers as far as the nature of the injury permits, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery."

*Mace v. Express Services, Inc.*, No. 2015-06-0059, 2015 Tn. Wrk. Comp. App. Bd. LEXIS 49 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), *citing Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

In the instant case, the medical records do not indicate whether the physicians took Mr. Foutch off work or assigned any work restrictions. Absent such information, the Court finds there is insufficient evidence of temporary disability at this time for the Court to conclude Mr. Foutch is likely to prevail at a hearing on the merits. Thus, Mr. Foutch's request for temporary disability benefits is denied.

Finally, the Court finds the medical bills submitted by Mr. Foutch correspond with his dates of service for treatment of his right ankle injury and represent necessary treatment for his work injury. Based upon the uncontroverted testimony of Mr. Foutch, the Court finds Burkeen Trucking authorized his medical treatment at Henry County Medical Center as well as his treatment from Dr. Chandler and West Tennessee Bone and Joint. The Court further finds the treatment provided by Mr. Foutch's authorized treating physician is presumed reasonable and necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H) (2015). Accordingly, the Court finds Mr. Foutch is likely to prevail at a hearing on the

5

merits regarding payment of his medical bills.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Foutch's right ankle injury shall be paid and Burkeen Trucking shall provide Mr. Foutch with medical treatment for this injury as required by Tennessee Code Annotated section 50-6-204 (2014). Dr. Blake Chandler shall be Mr. Foutch's authorized treating physician. Medical bills shall be furnished to Burkeen Trucking by Mr. Foutch or the medical providers.

2. Burkeen Trucking shall promptly pay all reasonable and necessary past medical expenses for Mr. Foutch's right ankle injury.

3. Mr. Foutch's request for medical benefits for a right shoulder injury is denied at this time.

4. Mr. Foutch's request for the temporary disability benefits is denied at this time.

5. This matter is set for an Initial (Scheduling) Hearing on **April 28, 2016, at 10:00 a.m.** Central Standard Time.

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

7. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED** this the 10th day of March, 2016.

Judge Amber E. Luttrell
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Luttrell, Court of Workers' Compensation Claims. You must call 901-543-2668 or toll-free at 855-543-5046 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court reviewed the following documents and designates these documents as the Technical Record:

1. Petition for Benefit Determination, filed November 12, 2015, and January 8, 2016
2. Dispute Certification Notice, filed January 8, 2016
3. Request for Expedited Hearing, filed January 11, 2016

The Court reviewed the following documents in reaching its decision and designates the documents as Exhibits solely for ease of reference by the Court:

1. Affidavit of James Foutch
2. Medical records and bills of Dr. Blake Chandler and West Tennessee Bone and Joint
3. Medical records of Henry County Medical Center
4. Mr. Foutch's wage information
5. Request for Investigation of Burkeen Trucking and Investigation Report
6. Medical Bills
7. Docketing Notice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Charles Holliday, Esq., Employee's Counsel | | | X | chuckh@garretylaw.com |
| Billy Burkeen, Burkeen Trucking, self-represented Employer | X | | | 34 Gibson Wells Brazil Road Humboldt, Tennessee 38343 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov