FILED

October 4, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:49 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Stephen Pardy, <br>             Employee, <br> v. <br> Memphis Cycles, Inc. d/b/a Honda-<br>Yamaha of Memphis, <br>             Employer, <br> And <br> Sentry Insurance a Mutual Co., <br>             Insurance Carrier. | Docket No.: 2015-08-0656 <br><br> State File No.: 83040-2015 <br><br> Judge Jim Umsted |

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS

This case came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, Stephen Pardy, under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employer, Memphis Cycles, Inc. d/b/a Honda-Yamaha of Memphis (Memphis Cycles), must provide medical and temporary disability benefits for Mr. Pardy's alleged work-related back and right shoulder injuries. The central legal issues are: (1) whether Mr. Pardy sustained a compensable injury arising primarily out of and in the course and scope of his employment with Memphis Cycles; (2) whether Mr. Pardy is entitled to payment of unauthorized, past medical expenses; (3) whether Mr. Pardy is entitled to continued medical benefits; and (4) whether Mr. Pardy is entitled to past temporary disability benefits, and if so, in what amount. For the reasons set forth below, the Court holds Mr. Pardy is unlikely to succeed at a hearing on the merits in proving entitlement to the requested benefits.[1]

## History of Claim

The following facts were established at the Expedited Hearing held on September 28, 2016. Mr. Pardy is a sixty-year-old resident of Crittenden County, Arkansas who

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

1

worked as a mechanic for Memphis Cycles for approximately thirteen years. Mr. Pardy claimed he injured his back and right shoulder[2] at work on October 7, 2015, while helping a customer load a motorcycle into a truck. However, he admitted he did not feel any pop or pain after loading the motorcycle. It was not until later in the day that his back pain started. He further admitted he told co-worker Melvin Monger he did not know what he had done to his back.

There was conflicting testimony about how Mr. Pardy was injured. Testimony in the affidavit of Mr. Pardy's co-worker, Graham Robins, conflicts with Mr. Pardy's current version of events. Mr. Robins testified Mr. Pardy complained of back pain on October 7, 2015, but indicated he must have injured his back while working on his truck over the previous weekend. According to Mr. Robins, Mr. Pardy never mentioned injuring his back at work. During the Expedited Hearing, Mr. Pardy did not deny that he mentioned working on his truck as a possible cause of his back pain on October 7, 2015.

The co-owner of Memphis Cycles, Emily Hall, testified live at the hearing. She testified that Mr. Pardy called her on October 8, 2015, to advise he would not be at work because he needed to go to the chiropractor for back pain.[3] Ms. Hall stated Mr. Pardy never mentioned hurting his back at work during this conversation or during conversations they had over the following two days. Ms. Hall indicated it was not until October 13, 2015, that she obtained notice of the alleged work injury when Baptist DeSoto Hospital called requesting Memphis Cycles' workers' compensation information. Ms. Hall told the hospital representative that Mr. Pardy would need to contact her to report the alleged injury, which he did later that day. After speaking to Mr. Pardy about his claim, Ms. Hall filed an Employer's First Report of Work Injury or Illness with Memphis Cycles' workers' compensation insurance carrier.

On October 14, 2015, Mr. Pardy obtained unauthorized medical treatment at the emergency room at Baptist DeSoto Hospital. Medical providers at the emergency room performed diagnostic testing of his right shoulder, thoracic spine, and cervical spine, which showed no acute injuries but did reveal degenerative changes. According to Mr. Pardy, the hospital referred him to Semmes Murphey Clinic for follow-up treatment.

Based on the limited medical proof submitted by Mr. Pardy, he treated with Dr. Manuel Carro at Semmes Murphey. This treatment was also unauthorized. While Mr. Pardy provided no narrative notes related to his treatment with Semmes Murphey, he did file an intake form dated October 22, 2015, and a letter from Dr. Carro dated December 2, 2015, in which Dr. Carro took Mr. Pardy off work for two months.

---

[2] Memphis Cycles points out that Mr. Pardy did not reference a right-shoulder injury in his Petition for Benefit Determination and did not report a shoulder injury when he gave notice of his injury.

[3] Mr. Pardy testified he initially treated on his own with a chiropractor. However, he did not introduce records from this treatment into evidence at the hearing.

At the Expedited Hearing, Mr. Pardy asked the Court to order the provision of a panel of physicians for authorized treatment for his work-related injuries as well as temporary disability benefits. He testified his main injury is a brachial plexus injury to his right shoulder that affects his right arm and hand, but stated he continues to have some back pain as well. He advised that Memphis Cycles did not pay for any of his prior treatment and indicated that he has not worked anywhere since his injury because he cannot use his right hand. He admitted to working on his truck over the weekend before his injury but testified he had no problem at work on October 6, 2015, or on October 7, 2015, before his back started hurting after loading the motorcycle. He also argued he was a trusted employee prior to his work injury with a good attendance record and with access to the company's bank deposits.

Memphis Cycles did not dispute that Mr. Pardy was a good employee. However, it presented testimony from Ms. Hall to show he was terminated as of December 8, 2015, for sending threatening emails[4] and attempting to extort money from the company after his workers' compensation claim was denied on October 29, 2015. Memphis Cycles argued Mr. Pardy did not meet his burden of proving an injury by accident under Tennessee Code Annotated section 50-6-102(14) (2015). Furthermore, it contended Mr. Pardy presented no proof of medical causation or of entitlement to the requested benefits. As such, it asked the Court to deny Mr. Pardy's claim.

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

Mr. Pardy need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability and/or medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Mr. Pardy of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'"

---

[4] Mr. Pardy filed a Motion to Exclude Evidence immediately prior to the Expedited Hearing. He specifically asked the Court to exclude any evidence regarding the emails he sent to Memphis Cycles in December 2015 as irrelevant and highly prejudicial. The Court denied the motion, finding the emails had potential relevance to the issue of temporary disability benefits and assuring Mr. Pardy it would only consider the email for purposes of the limited issue of temporary disability benefits.

3

*Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Pardy nor Memphis Cycles. *See* Tenn. Code Ann. § 50-6-116 (2015).

*Compensability and the Role of Lay Testimony in Establishing Medical Causation*

The Court initially must determine whether Mr. Pardy has met his burden of proving he is likely to prevail at a hearing on the merits of his claim. To prove a compensable injury under the workers' compensation statutes, Mr. Pardy must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). In addition, his injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the alleged work injury "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Mr. Pardy admitted that while moving the motorcycle he felt nothing indicating he sustained an acute injury. After moving the motorcycle, he felt fine. Nothing caused him to believe he had injured his back. Later in the day, however, his back started hurting. He admittedly told a co-worker he did not know what he had done to cause his back pain. Later the same day, according to the affidavit of Mr. Robins, Mr. Pardy indicated he must have injured his back while working on his truck over the previous weekend. Mr. Pardy now contends the work incident likely caused his back injury. He introduced no medical evidence supporting this contention. The Court finds Mr. Pardy's testimony, if believed, at most shows a work accident "could be" the cause of his claimed injury.

The Court must consider whether Mr. Pardy's lay testimony is enough for the Court to award benefits. The case of *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *11-12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) discussed the role of lay testimony in establishing medical causation. The Court held:

> Prior to the 2013 reforms to the Workers' Compensation Law, Tennessee courts routinely held that an injured employee could satisfy the burden of proof with respect to the element of medical causation by offering expert

4

medical testimony that a work accident "could be" the cause of the employee's medical condition, when there was corroborating lay testimony from which it could reasonably be inferred that the incident was in fact the cause of the injury. *See, e.g., Hill v. Eagle Bend Mfg.*, 942 S.W.2d 483 (Tenn. 1997). The analysis in such cases was predicated on expert medical testimony *combined with* corroborative lay testimony. Thus, even under pre-reform law, lay testimony alone was insufficient in most cases to establish adequate evidence of medical causation.

The 2013 Workers' Compensation Reform Act substantially altered this standard. In Tennessee Code Annotated section 50-6-102(13), the general assembly amended the definition of "injury" to include the following: "(C) An injury causes death, disablement or the need for medical treatment *only* if it has been *shown to a reasonable degree of medical certainty* that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014) (emphasis added). Moreover, in subsection (D), the statute now provides that the phrase "'[s]hown to a reasonable degree of medical certainty' means that, *in the opinion of the physician*, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(13)(D) (2014) (emphasis added).

This Court holds Mr. Pardy's lay testimony as to causation was speculative as he did not dispute that he initially did not know what caused his back injury and admitted saying that he may have hurt his back while working on his truck. Based on Mr. Pardy's speculative testimony, and no corroborative expert medical testimony, the Court holds he is unlikely to prevail at a hearing on the merits on the issue of causation. Having determined this issue in favor of Memphis Cycles, it is not necessary to address any other issues raised by the parties.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Pardy's claim against Memphis Cycles for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial Hearing/Status Conference on December 5, 2016, at 10:00 a.m. Central time.

**ENTERED this the 4th day of October, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Petition for Benefit Determination;
2. Correspondence accompanying Petition for Benefit Determination;
3. Collective Exhibit of medical records from Baptist DeSoto Hospital Emergency Room, dated October 14, 2015;
4. Collective Exhibit of Semmes Murphey Clinic medical records, dated October 22, 2015, and December 2, 2015;
5. October 2015 calendar;
6. Affidavit of Graham Robins;
7. Excerpts from Mr. Pardy's deposition (p. 67, l. 4 through p. 69, l. 3);
8. Excerpts from Mr. Pardy's deposition (p. 67, ll. 11-16);
9. Excerpts from Mr. Pardy's deposition (p. 70, ll. 10-20);
10. Excerpts from Mr. Pardy's deposition (p. 54, l. 22 through p. 55, l. 4);
11. Form C-20 Employer's First Report of Work Injury or Illness;
12. Signed statement of Graham Robins;
13. Signed statement of Mickey Watson (for identification only);
14. Email from Mr. Pardy to Emily Hall, dated December 4, 2015;
15. Memphis Police Department Listing of Persons Banned from Premises;
16. Termination letter, dated December 8, 2015; and
17. Form C-41 Wage Statement.

Technical Record:[5]
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Memphis Cycles' Witness and Exhibit List;
5. Memphis Cycles' Pre-Hearing Statement;
6. Mr. Pardy's Pre-Hearing Memorandum;
7. Court Order, filed September 27, 2016; and
8. Motion to Exclude Evidence.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 4th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| John Dunlap, Employee's Attorney | | | X | jdunlap00@gmail.com |
| Lee Anne Murray, Employer's Attorney | | | X | leeamurray@feeneymuirray.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov